UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRINITY HEALTH-MICHIGAN d/b/a<br>MERCY HOSPITAL-GRAYLING<br>1100 East Michigan Avenue<br>Grayling, MI 49738<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security<br>425 Murray Drive, Building 410<br>Washington, DC 20528<br><br>EMILIO T. GONZALEZ, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>ROBERT S. MUELLER, Director<br>Federal Bureau of Investigation<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, DC 20535<br><br>CHRISTINA POULOS, Director<br>U.S. Citizenship and Immigration Services<br>California Service Center<br>24000 Avila Road<br>Laguna Niguel, CA 92607<br><br>    Defendants. | Civ. No. |

### **PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

The Plaintiff, TRINITY HEALTH-MICHIGAN d/b/a MERCY HOSPITAL-GRAYLING, through undersigned counsel and pursuant to Fed. R. Civ. P. 65(a) and LCvR 65.1(c), seeks preliminary injunctive relief against the Defendants, MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security ("DHS"); EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services ("CIS"); ROBERT S. MUELLER, Director, Federal Bureau of Investigation ("FBI"); and CHRISTINA POULOS, Director, California Service Center ("CSC"), U.S. Citizenship and Immigration Services, to compel the Defendants and those acting under them to immediately take all appropriate action to adjudicate a Petition for a Nonimmigrant Worker, Form I-129 (the "H-1B Petition"), which was filed by the Plaintiff on behalf of Dr. Syed Iftikhar Habib ("Dr. Habib") and remains pending before CIS. The unjustified delay by Defendants in processing the H-1B Petition is causing irreparable harm to the Plaintiff for which the Plaintiff has no adequate remedy at law.

As more fully set forth in the accompanying Memorandum of Points and Authorities and the Plaintiff's Verified Complaint for Mandamus and Declaratory Judgment ("Complaint"), the failure of Defendants to adjudicate the H-1B Petition is in violation of relevant provisions of the Immigration and Nationality Act ("INA") and its implementing regulations, and the agency's continued delay in order to conduct a background investigation of Dr. Habib is improper and *ultra vires* to the statute and the regulations. *See* INA §§101(a)(15)(H)(i)(b), 214(i), 286(u); 8 C.F.R. §§103.2(f), 214.2(h). The compelling issues raised in this action affect the Plaintiff's ability to employ Dr. Habib as a qualified specialty worker – i.e., an orthopedic surgeon – to administer to patients in a designated medically underserved region of the United States. The balance of hardships tips heavily in the Plaintiff's favor, the Plaintiff is significantly likely to succeed on the merits, and the public interest strongly supports

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

2

adjudication of the Plaintiff's H-1B Petition on behalf of Dr. Habib without further delay. As such, preliminary injunctive relief is warranted and the Plaintiff respectfully requests that the Court grant the relief requested.

Respectfully submitted this 7th day of November 2007.

_____
Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Tel: (202) 483-0053
D.C. Bar Number: 501021

*Counsel for Plaintiff*

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRINITY HEALTH-MICHIGAN d/b/a<br>MERCY HOSPITAL-GRAYLING<br>1100 East Michigan Avenue<br>Grayling, MI 49738<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security<br>425 Murray Drive, Building 410<br>Washington, DC 20528<br><br>EMILIO T. GONZALEZ, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>ROBERT S. MUELLER, Director<br>Federal Bureau of Investigation<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, DC 20535<br><br>CHRISTINA POULOS, Director<br>U.S. Citizenship and Immigration Services<br>California Service Center<br>24000 Avila Road<br>Laguna Niguel, CA 92607<br><br>      Defendants. | Civ. No. |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

The Plaintiff, TRINITY HEALTH-MICHIGAN d/b/a MERCY HOSPITAL-GRAYLING, through undersigned counsel and pursuant to Fed. R. Civ. P. 65(a) and LCvR 65.1(c), seeks preliminary injunctive relief against the Defendants, MICHAEL CHERTOFF, Secretary, U.S. Department of Homeland Security ("DHS"); EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services ("CIS"); ROBERT S. MUELLER, Director, Federal Bureau of Investigation ("FBI"); and CHRISTINA POULOS, Director, California Service Center ("CSC"), U.S. Citizenship and Immigration Services, to compel the Defendants and those acting under them to immediately take all appropriate action to adjudicate a Petition for a Nonimmigrant Worker, Form I-129 (the "H-1B Petition"), which was filed by the Plaintiff on behalf of Dr. Syed Iftikhar Habib ("Dr. Habib") and remains pending before CIS. The unjustified delay by Defendants in processing the H-1B Petition is causing irreparable harm to the Plaintiff for which the Plaintiff has no adequate remedy at law. As a consequence of the Defendants' inaction, the Plaintiff is unable to employ Dr. Habib as a qualified specialty worker – i.e., an orthopedic surgeon – to administer to patients in a designated medically underserved region of the United States. In conjunction with its Motion for Preliminary Injunction, the Plaintiff has filed a Verified Complaint for Mandamus and Declaratory Judgment ("Complaint").

## I.   BACKGROUND

The Plaintiff is a private regional health care facility serving a seven-county area in northern Michigan, which is a designated health professional shortage area. As a non-profit organization affiliated with Munson Healthcare, Mercy Hospital-Grayling has a relationship with Michigan State University and engages in training of medical students who are completing

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

2

curriculum-related clinical training. Physicians and staff employed by Mercy Hospital-Grayling provide medical services in a range of specialties, including orthopedic care, to a medically underserved region of the United States.

On July 18, 2007, the Plaintiff filed the H-1B Petition with CIS pursuant to the agency's Premium Processing Program, which guarantees processing of properly filed applications within 15 calendar days. *See* 8 C.F.R. §103.2(f). The H-1B Petition remains unadjudicated, however, well beyond the 15-day premium processing deadline and also beyond the reported two-month processing timeframe for I-129 applications filed with the CSC. *See* https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=CSC. The Defendants have not advised the Plaintiff of the reason for CIS's inaction; however, a congressional inquiry submitted on the Plaintiff's behalf indicated that a "background investigation" is responsible for the delay and that no decision can be rendered until "background checks are complete." *See* Complaint, Exh. 4.

The Plaintiff is entitled to immediate adjudication of the H-1B Petition that was filed on behalf of Dr. Habib on July 18, 2007, and which remains pending with CIS. As more fully set forth in the Plaintiff's Complaint, the Defendants' failure to adjudicate the H-1B Petition is in violation of relevant provisions of the Immigration and Nationality Act ("INA") and its implementing regulations, and the agency's continued delay in order to conduct a background investigation of Dr. Habib is improper and *ultra vires* to the statute and the regulations. *See* INA §§101(a)(15)(H)(i)(b), 214(i), 286(u); 8 C.F.R. §§103.2(f), 214.2(h).

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

3

## II. LEGAL STANDARD FOR INJUNCTIVE RELIEF

The Plaintiff seeks preliminary injunctive relief to compel the Defendants to adjudicate the Plaintiff's H-1B Petition without further delay. A preliminary injunction may be granted where the moving party demonstrates: (1) a substantial likelihood of success on the merits; (2) that the moving party would suffer irreparable injury if the injunction were not granted; (3) that an injunction would not substantially injure other interested parties; and (4) that the public interest would be further by the injunction. *See Katz v. Georgetown Univ.*, 246 F.3d 685, 687-88 (D.C. Cir. 2001); *Wisconsin Gas Co. v. Federal Energy Regulatory Comm'n*, 758 F.2d 669, 673-74 (D.C. Cir. 1985), citing *Virginia Petroleum Jobbers Ass'n v. Federal Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958); *see also United States v. Philip Morris Inc.*, 314 F.3d 612, 617 (D.C. Cir. 2003); *Judicial Watch, Inc. v. U.S. Dep't of Homeland Security*, Slip Copy, 2007 WL 2791371, at *1 (D.D.C. Sept. 24, 2007).

These factors interrelate on a sliding scale and must be balanced against each other. *Davenport v. International Brotherhood of Teamsters, AFL-CIO*, 166 F.3d 356, 361 (D.C. Cir. 1999). Moreover, if the moving party "makes a particularly weak showing on one factor . . . the other factors may not be enough to compensate." *Dodd v. Fleming*, 223 F. Supp. 2d 15, 20 (D.D.C. 2002) (citing *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1507 (D.C. Cir. 1995), *amended on other grounds*, 66 F.3d 1226 (D.C. Cir. 1995)). In particular, "if a party makes *no* showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors." *Id.* at 20 (citing *CityFed Financial Corp. v. OTS*, 58 F.3d 738, 747 (D.C. Cir. 1995)) (emphasis added).

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

4

### A.   Plaintiff is likely to succeed on the merits.

The Plaintiff is likely to succeed on the merits of its mandamus action, because Defendants owe a non-discretionary duty to adjudicate the H-1B Petition that was filed on behalf of Dr. Habib, and such adjudication has unreasonably been withheld. The Plaintiff has complied with all the requirements for approval of its H-1B Petition, including submission of all required forms and documentary evidence and payment of all required fees, but the Defendants have unreasonably delayed processing of that application in contravention of the statutory and regulatory scheme. *See* INA §§101(a)(15)(H)(i)(b), 214(i), 286(u); 8 C.F.R. §§103.2(f), 214.2(h). Pursuant to 8 C.F.R. §103.2(f)(1), processing of a Form I-129 filed under CIS's premium processing program, along with the requisite $1,000 additional fee, is guaranteed within 15 calendar days of filing. *See also* INA §286(u). Although that 15-day deadline expired on August 2, 2007, the Plaintiff has not received a decision on its application and has not been refunded the $1,000 premium processing fee, in violation of the regulations. *See* 8 C.F.R. §103.2(f)(3). Furthermore, the CIS's own reported processing timeframe for I-129 applications filed at the CSC is two months. *See* https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=CSC. The Plaintiff's H-1B Petition has remained unadjudicated well beyond that time.

Because the Defendants are acting in contravention of an explicit and non-discretionary statutory and regulatory scheme, the Plaintiff can clearly show a substantial likelihood of success on the merits, which makes this case particularly appropriate for the issuance of a preliminary injunction. *See, e.g., Katz*, 246 F.3d at 687-88; *Tesfamichael v. Gonzales*, 411 F.3d 169, 176 (5th

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

5

Cir. 2005); *see also Kenyeres v. Ashcroft*, 538 U.S. 1301, 1304 (2003), citing *Bejjani v. INS*, 217 F.3d 670, 688 (6th Cir. 2001). The Plaintiff merely seeks a decision on its H-1B Petition, as provided under the INA and guaranteed under the regulations. *See* INA §§101(a)(15)(H)(i)(b), 214(i), 286(u); 8 C.F.R. §§103.2(f), 214.2(h). This Court has recognized that federal agencies – including CIS – have a duty to conclude matters presented to them within a "reasonable time." *Liu v. Novak*, Slip Copy, 2007 WL 2460425, at *6 (D.D.C. Aug. 30, 2007) (citing 5 U.S.C. §555(b)). Moreover, the scope of judicial review "includes 'compelling agency action unlawfully withheld or unreasonably delayed.'" *Id.* (internal citations omitted).

Where CIS has unreasonably delayed or withheld processing of a properly filed application, this Court has found that mandamus relief is appropriate. *See id.* at *8-9. The overwhelming majority of federal district courts have agreed. *See, e.g., Duan v. Zamberry*, Slip Copy, 2007 WL 626116, at *3 (W.D. Pa. Feb. 23, 2007) ("The weight of authority ... supports a finding that Defendants have a non-discretionary duty to process or adjudicate an adjustment application; that duty supports a mandamus action") (and cases cited therein); *Pool v. Gonzales*, Slip Copy, 2007 WL 1613272, at *2 (D. N.J. June 1, 2007); *Chen v. Chertoff*, Slip Copy, 2007 U.S. Dist. LEXIS 68536, at *12 (N.D. Cal. Sept. 6, 2007); *Liu v. Chertoff*, Slip Copy, 2007 WL 2435157 (D. Or. Aug. 29, 2007); *Tang v. Chertoff*, Slip Copy, 2007 U.S. Dist. LEXIS 64022 (E.D. Ky. Aug. 29, 2007); *Xu v. Chertoff*, Slip Copy, 2007 WL 2033834, (D. N.J. Jul. 11, 2007); *Toor v. Still*, 2007 WL 2028407 (N.D. Cal. Jul. 10, 2007); *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007); *Quan v. Chertoff*, Slip Copy, 2007 WL 1655601, N.D. Cal., June 7, 2007); *Ma & Liu v. Gonzales*, Slip Copy, 2007 WL 1655188, at *4 (W.D. Wash.

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053   Fax: 202-483-6801

6

June 5, 2007); *Pool*, 2007 WL 1613272, at *2; *Ibrahim v. Chertoff*, Slip Copy, 2007 WL 1558521 (S.D. Cal. May 25, 2007); *Chen v. Heinauer*, Slip Copy, 2007 WL 1468789 (W.D. Wash. May 18, 2007); *Koren v. Chertoff*, Slip Copy, 2007 WL 1431948 (D. Conn. May 14, 2007); *Dmitriev v. Chertoff*, Slip Copy, 2007 WL 1319533 (N.D. Cal. May 4, 2007); *Huang v. Gonzales*, Slip Copy, 2007 WL 1302555 (W.D. Wash. May 2, 2007); *Wu v. Chertoff*, Slip Copy, 2007 WL 1223858 (N.D. Cal. Apr. 25, 2007); *Liu v. Chertoff*, Slip Copy, 2007 WL 1202961, at *3 (C.D. Ill. Apr. 23, 2007); *Song v. Klapakas*, Slip Opinion, 2007 WL 1101283 (E.D. Pa. Apr. 12, 2007); *Mahd v. Chertoff*, Slip Copy, 2007 WL 891867 (D. Colo. Mar. 22, 2007); *Duan v. Zamberry*, 2007 WL 626116, at *3; *Singh v. Still*, 470 F. Supp. 2d 1064 (N.D. Cal. 2006); *Aboushaban v. Mueller*, Slip Copy, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006); *Zahani v. Neufeld*, Slip Copy, 2006 WL 2246211 (M.D. Fla. June 26, 2006); *Elkhatib v. Butler*, Slip Copy, 2005 WL 5226742 (S.D. Fla. June 7, 2005).

In light of the clear statutory and regulatory scheme for adjudicating H-1B petitions, such as that filed by the Plaintiff, coupled with the overwhelming judicial authority recognizing that mandamus/APA action is warranted and intervention by the courts is appropriate where an agency has engaged in unreasonable delay, the Plaintiff has demonstrated "a substantial likelihood of success on the merits" of its mandamus complaint. *Judicial Watch, Inc.*, 2007 WL 2791371, at *1.

### B. Plaintiff will be irreparably harmed if a preliminary injunction is not granted.

The Plaintiff is likely to suffer irreparable harm if preliminary injunctive relief is not granted. The Plaintiff's H-1B Petition on behalf of Dr. Habib has been pending with CIS since

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

7

July 18, 2007. Every day that the Petition remains unadjudicated, Mercy Hospital-Grayling is deprived of the services of a qualified orthopedic surgeon to administer to its patients in a designated health professional shortage area. Consequently, not only is the Plaintiff deprived of the services of its intending employee, but the entire community of individuals who are served by Mercy Hospital-Grayling is denied of the services of Dr. Habib. Moreover, the U.S. Department of State has already acknowledged the compelling need for Dr. Habib's services, by recognizing that he qualifies for a J-1 waiver of the two-year home residency requirement. *See* Complaint, Exh. 2.

Specifically, the Plaintiff will be irreparably harmed if injunctive relief is not provided, because it will be deprived of the following services to be provided by Dr. Habib: Clinical services including inpatient, outpatient, and office orthopedic surgery services; Emergency surgical services, including (a) emergency room patients with trauma and other life-threatening surgical conditions, and (b) inpatients under the care of any active medical staff members, who present or develop acute orthopedic surgical conditions; Elective surgical services, including (a) inpatient care associated with an elective approach appropriate for orthopedic surgery, and (b) outpatient procedures, both hospital and office-based; Consultations, including office- or hospital-based access for patients that require an evaluation and opinion from a qualified orthopedic surgeon. *See id.* In addition, until the H-1B Petition is approved and Dr. Habib is permitted to undertake his position with Mercy Hospital Grayling, he will be unable to administer medicines, order tests, interpret test results, and render medical advice as well as consult with internists, sub-specialists, and surgeons. *Id.* Although Dr. Habib is eminently

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

8

qualified for the specialty worker position, and the Plaintiff has met all the requirements for the H-1B Petition, the Defendants have unreasonably withheld action to the Plaintiff's continuing detriment.

Accordingly, the harm suffered by the Plaintiff is not "something merely feared as liable to occur at some indefinite time in the future." *Carabillo v. ULLICO Inc. Pension Plan and Trust*, 355 F. Supp. 2d 49 (D.D.C. 2004). To the contrary, the injury to the Plaintiff – and to the medically underserved community that it serves – is both "certain and great" rather than merely "theoretical." *Wisconsin Gas*, 758 F.2d at 674. The injury is of such imminence that there is a clear and present need for injunctive relief to prevent further irreparable harm. *See id.* Thus, the Plaintiff has met the standard of demonstrating "at least some injury to warrant the granting of a preliminary injunction." *Hubbard v. United States*, 496 F. Supp. 2d 194 (D.D.C. 2007).

### C. An injunction would not substantially injure the Defendants and the public interest would be furthered by a grant of preliminary injunctive relief.

A preliminary injunction in this case would not substantially injure other interested parties, and the public interest would plainly be furthered by a grant of injunctive relief. *See Katz*, 246 F.3d at 687-88. The balance of hardships strongly favors granting preliminary injunctive relief to the Plaintiff, where the potential harm to the Defendants in adjudicating the H-1B Petition without further delay is negligible. There is no plausible interest that the Defendants could assert which would support Dr. Habib's continued inability to work in the United States, particularly as he is awaiting permission from CIS to provide medical services in a designated health care professional shortage area. *See* Complaint, Exh. 2. This is not an issue of national security, where CIS could assert a danger to the community as a means of justifying

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

9

detention. To the contrary, Dr. Habib is already present in the United States in valid non-immigrant status, he has previously been granted a J-1 visa by CIS, and he is qualified for a J-1 waiver of the two-year home residency requirement as a physician who is willing to administer to patients in a medically underserved area. *Id.* The Defendants' only conceivable argument for continued inaction is that it is better for Mercy Hospital-Grayling and the community it serves to be deprived of an orthopedic surgeon, and for Dr. Habib to remain idle rather than continuing to be a productive member of the American workforce, than to adjudicate the H-1B Petition. Clearly, the public interest strongly favors approval of the H-1B Petition and commencement of Dr. Habib's employment with Mercy Hospital-Grayling.

The balance of hardships in this case and the public interest overwhelming favor a grant of preliminary injunctive relief to the Plaintiff. If the Court grants the relief sought, the Defendants will only be compelled to perform what they are otherwise obligated to do.

### III.   SECURITY

Pursuant to Fed. R. Civ. P. 65(c), "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party found to have been wrongfully enjoined or restrained." Defendants in this case will incur no costs or damages if compelled to grant the Plaintiff's H-1B Petition. The Plaintiff requests that the Court exercise its discretion to require only a nominal bond in the amount of $50.00.

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

10

## IV.    REQUEST FOR EXPEDITED HEARING

Pursuant to LCvR 65.1(d), and in light of the ongoing irreparable injury that the Plaintiff will suffer if preliminary injunctive relief is not granted, the Plaintiff requests a hearing on its motion for a preliminary injunction no later than 20 days after its filing, unless the Court earlier decides the motion on the papers. As set forth in Section II.B., *supra*, expedition is essential in this case because every day that the H-1B Petition remains unadjudicated, Mercy Hospital-Grayling is deprived of the services of a qualified orthopedic surgeon to administer to its patients in a designated health professional shortage area.

## V.    CONCLUSION

The Plaintiff has fully complied with all requirements imposed on it to obtain approval of the H-1B Petition filed with CIS on behalf of Dr. Habib. The Plaintiff is significantly likely to succeed on the merits, the balance of hardships tips heavily in the Plaintiff's favor, and the public interest strongly supports adjudication of the H-1B Petition without further delay. Accordingly, the Plaintiff respectfully requests that this Court grant its motion for preliminary injunction.

WHEREFORE, the Plaintiff prays that this Court:

A.   Enjoin the Defendants from further delaying the processing of the Plaintiff's H-1B Petition and compel the Defendants and those acting under them to perform their legal duty to adjudicate the Plaintiff's H-1B Petition without further delay;

B.   Grant attorneys' fees and costs of Court under the Equal Access to Justice Act, 28 U.S.C. §2412(d)(2);

C.   Grant such other and further relief as this Court deems proper.

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053  Fax: 202-483-6801

11

Respectfully submitted this  7th  day of November 2007.

*[signature]*

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW  Suite 775
Washington, DC 20036
Tel: (202) 483-0053
D.C. Bar Number: 501021

*Counsel for Plaintiff*

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053  Fax: 202-483-6801

12

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRINITY HEALTH-MICHIGAN d/b/a<br>MERCY HOSPITAL-GRAYLING<br>1100 East Michigan Avenue<br>Grayling, MI 49738<br><br>      Plaintiff,<br><br>v.<br><br>MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security<br>425 Murray Drive, Building 410<br>Washington, DC 20528<br><br>EMILIO T. GONZALEZ, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>ROBERT S. MUELLER, Director<br>Federal Bureau of Investigation<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, DC 20535<br><br>CHRISTINA POULOS, Director<br>U.S. Citizenship and Immigration Services<br>California Service Center<br>24000 Avila Road<br>Laguna Niguel, CA 92607<br><br>      Defendants. | Civ. No. |

## **ORDER**

Upon consideration of Plaintiff's Motion for Preliminary Injunction, and any opposition thereto, said motion is hereby GRANTED.

It is hereby ORDERED that Defendants and those acting under them will immediately take all appropriate action to adjudicate the Petition for a Nonimmigrant Worker, Form I-129, filed by the Plaintiff on behalf of Dr. Syed Iftikhar Habib.

Done and Ordered this ___ day of November, 2007.

_____
U.S. District Court Judge